# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:14-CR-00154 LJO-SKO |
| Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| v. | |
| ALEX MENDOZA, | |
| Defendant. | (ECF No. 253) |

Defendant moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582"), in accordance with § 1B1.10(b)(1) of the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") and Amendment 782[1] to the USSG. (ECF No. 253.) The Government filed an opposition to Defendant's § 3582 motion. (ECF No. 254.) Defendant did not file a reply.[2] Upon a thorough review of the parties' briefing, the record in the case, including the Probation

---

[1] Amendment 782 revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* USSG, sup. App'x C, amend. 782 (2014) ("Amendment 782").

[2] The Court notified Defendant in an August 11, 2017 minute order of his opportunity to file a reply brief on or before September 27, 2017. (ECF No. 264.) On August 24, 2017, the Court received notice that the minute order was returned unserved and marked as undeliverable. (ECF No. 265.) Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court advised of his current address, and to notify the Court and opposing parties within 63 days of a change of address. By failing to inform the Court of his new address, Defendant has forfeited his right to file a reply. Local Rule 183(b).

Office's Presentence Investigation Report ("PSR"), and the relevant law, the Court DENIES Defendant's § 3582 motion.

## I. BACKGROUND

On October 3, 2016, Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine, cocaine, and heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1). (ECF Nos. 60 (Superseding Indictment); 236 (PSR).)

According to the PSR, Defendant's base offense level was set at 38, based on the parties' agreement that the Defendant was responsible for no less than 9 kilograms of "ice," 3 kilograms of heroin, and 4.08 kilograms of cocaine under USSG § 2D1.1(c), pursuant to USSG § 2D1.1(a)(5)(A). (PSR ¶¶ 17-19.) His criminal history category was determined to be II. (PSR ¶¶ 33-34). Defendant's offense level was increased by four levels due to his role as an organizer or leader in the criminal offense pursuant to USSG § 3B1.1(a). (PSR ¶ 22.) Pursuant to §§ 3E1.1(a) and (b), Defendant also qualified for a 3-level base offense reduction for acceptance of responsibility, bringing his total offense level to 39. (*Id.* ¶¶ 26-27.) The PSR, which cited the 2016 Guidelines manual (incorporating all Guideline amendments), found that the Guidelines range for a defendant with an offense level of 39 and a criminal history category II was 292 to 365 months imprisonment. (*Id.* at 16.) The PSR recommended that the Court sentence Defendant to 135 months imprisonment, based on the relevant mitigating factors under 18 U.S.C. § 3553(a). (*Id.*)

On January 23, 2017, this Court sentenced Defendant to 135 months imprisonment, a below Guidelines sentence. (ECF Nos. 241, 242.)

## II. STANDARD OF DECISION

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. *See* Amendment 782. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* USSG, sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

### III. DISCUSSION

By his motion, Defendant requests that the Court reduce his sentence pursuant to Amendment 782. (ECF No. 253.) In its opposition, the Government points out that the PSR used in

Defendant's sentencing incorporated 2016 Guidelines manual, and that Defendant's Guidelines range was therefore calculated pursuant to the amended Guidelines. (ECF No. 254 at 1-2.)

This Court sentenced Defendant on January 23, 2017. (ECF Nos. 241, 242.) Defendant's PSR, filed with the Court on January 9, 2017, clearly states that it used the 2016 Sentencing Guidelines Manual, and incorporated all Guideline amendments, to determine Defendant's offense level. (PSR ¶ 15.) Amendment 782 became effective on November 1, 2014. USSG § 1B1.10(d) (2014). Therefore, Defendant already received the benefit of Amendment 782 at the time of his sentencing. The Court further notes that it sentenced Defendant to a 135 month term of imprisonment, which is below the applicable amended Guidelines range. Defendant is not eligible for a reduction in his sentence.

Based on the foregoing, the Court finds that Defendant is not eligible for a sentence reduction under § 3582(c) because he was sentenced pursuant to the amended Guidelines and given a sentence below the amended Guidelines range. *See id.* As Defendant is not eligible for a sentence reduction, the Court may not proceed to the second half of the two-part inquiry set forth in *Dillon*. *See Dunn*, 728 F.3d at 1155.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Alex Mendoza's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

IT IS SO ORDERED.

Dated: **December 13, 2017**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE